**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0195n.06
Filed: March 17, 2005

**No. 03-6572**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    **Plaintiff-Appellee,**

v.

DARRYL SCOTT SUSEWITT,

    **Defendant-Appellant.**

    **ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE**

_____/

**BEFORE:** **SILER, COLE, and CLAY, Circuit Judges.**

**CLAY, Circuit Judge.** Defendant, Darryl Scott Susewitt ("Susewitt"), appeals from his sentence of seventy-seven months, imposed following his conviction by guilty plea to the charge of possession of a firearm altered to have a barrel of less than eighteen inches, in violation of 26 U.S.C. §§ 5822, 5861(c), and 5871. Susewitt contends that the district court incorrectly applied the United States Sentencing Guidelines ("Guidelines") in determining the date of the commencement of the offense, and therefore counted prior convictions towards Susewitt's criminal history score under the Guidelines that otherwise would have been too old to be counted. Susewitt also argues that because of judicial fact-finding with respect to the determination of the date of the commencement of the offense and the application of two sentencing enhancements, his sentence

must be vacated and remanded under *United States v. Booker*, 543 U.S. —,125 S.Ct. 738 (2005). Although we reject Susewitt's argument regarding the determination of the date of the commencement of the offense, we agree that, given the two sentencing enhancements in this case, *Booker* requires that we **VACATE** Susewitt's sentence and **REMAND** the case to the district court for re-sentencing.

## BACKGROUND

Susewitt was indicted in the United States District Court for the Western District of Tennessee on April 21, 2003. Susewitt was charged with the following offenses: being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); possession of a firearm altered to have a barrel of less than eighteen inches (i.e., possession of a short-barreled or sawed-off shotgun), in violation of 26 U.S.C. §§ 5822, 5861(c), and 5871; possession of a firearm not registered to him in the National Firearms Registration, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871; and possession of a firearm with an obliterated, removed, changed, and altered serial number, in violation of 26 U.S.C. §§ 5822 and 5861(h). On August 8, 2003, Susewitt pleaded guilty to possession of a short-barreled shotgun. All of the remaining charges were dismissed.

Susewitt admitted during a November 13, 2002 interview with an agent of the Bureau of Alcohol, Tobacco, and Firearms that, approximately nine or ten years earlier, he and a friend used Susewitt's saw to cut the barrel of the shotgun involved in this case to an illegal length. Based on this admission, the probation officer responsible for preparing Susewitt's Pre-sentence Report ("PSR") determined that for purposes of determining Susewitt's total criminal history score, the

offense to which he pleaded guilty commenced no later than nine years prior to November 13, 2002, or on November 14, 1993.

Consequently, the PSR's tally of Susewitt's criminal history score included eight points for six convictions which took place between January 1988 and January 1992 and which could not have been counted had the probation officer determined instead that the offense commenced on November 3, 2002, when the sawed-off shotgun was found in Susewitt's residence. Susewitt's criminal history score was calculated in the PSR at fourteen, with a resultant criminal history category of VI. The probation officer further determined that Susewitt's offense level under the Guidelines was twenty-one. This determination, which was not disputed by Susewitt at the time of sentencing, was based in part on the application of a two-level enhancement for possession of three to seven firearms, under § 2K2.1(b)(1)(A) of the Guidelines, and a two-level enhancement for possession of a firearm with an obliterated serial number, under § 2K2.1(b)(4) of the Guidelines. U.S. SENTENCING GUIDELINES MANUAL §§ 2K2.1(b)(1)(A), 2K2.1(b)(4) (2002).

Susewitt filed a document titled "Defendant's Position Regarding Sentencing Factors" on October 23, 2003, objecting to the PSR's determination of the date of the commencement of the offense as November 14, 1993, and arguing that it should instead be set at a date of on or about November 2, 2002. During his sentencing hearing on November 18, 2003, Susewitt's counsel again objected to the date of offense commencement in the PSR. In both instances, Susewitt did not deny sawing off the shotgun in 1992 or 1993, but instead contested the use of that event to determine the date of offense commencement.

Susewitt conceded that if the offense was determined to have commenced in November 2002, thus excluding his pre-November 1992 convictions, two 2002 convictions not assigned criminal history points due to a four-point maximum under § 4A1.1(c) of the Guidelines would become "countable" pursuant to that section. U.S.S.G. § 4A1.1(c). Thus, according to Susewitt, his correct criminal history score was eight, placing him in category IV and resulting in a Guideline Range of fifty-seven to seventy-one months.

The district court rejected Susewitt's argument, and sentenced Susewitt to seventy-seven months imprisonment. Susewitt filed a notice of appeal to this Court on November 19, 2003. Following the Supreme Court's decision in *Booker*, Susewitt and the government submitted supplemental letter briefs.

## DISCUSSION

I.   **Application of *Booker***

The district court enhanced Susewitt's sentence based on two factual findings that were not admitted by Susewitt nor proven to a jury beyond a reasonable doubt: possession of three to seven firearms, and possession of a firearm with an obliterated serial number. At oral argument, the government conceded that those findings constituted error under *Booker* requiring that Susewitt's sentence be vacated and remanded. We agree that Susewitt's Sixth Amendment rights were violated by the application of the sentencing enhancements, and therefore we will vacate his sentence and remand this case for resentencing. *See United States v. Oliver*, 397 F.3d 369, 377-82 (6th Cir. 2005).

4

Susewitt also argues that the district court's determination of the date of offense commencement was a factual finding requiring reversal under *Booker*. The government contested this point at oral argument, arguing that Susewitt had conceded sawing off the shotgun in 1992 or 1993, and that the district court's use of that event to calculate the date of offense commencement was therefore simply a legal determination, and involved no factual finding. Because we are vacating Susewitt's sentence on the basis of the two enhancements, we need not determine whether the district court made a factual finding that Susewitt sawed off the shotgun, or whether Susewitt sufficiently admitted to doing so such that no factual finding was necessary.

## II.    Guidelines interpretation

Although *Booker* excised that part of the Guidelines which made them mandatory, sentencing courts must continue to take into consideration the recommended Guidelines sentence. *Booker*, 125 S.Ct. at 764. Consequently, this Court will continue to provide guidance as to the proper interpretation of any Guidelines provision whose application is challenged on appeal. *See United States v. McDaniel*, 398 F.3d 540, 551 (6th Cir. 2005). We therefore turn to Susewitt's claim, separate and apart from his *Booker* argument, that the district court erred in determining the date of offense commencement for purposes of calculating Susewitt's criminal history score under § 4A1.2(e)(2) of the Guidelines.

Section 4A1.2(e)(2) of the Guidelines, which was cited by the district court at Susewitt's sentencing hearing, instructs that in calculating a defendant's criminal history score, "any other[1]

---

[1]The preceding sub-section, § 4A1.2(e)(1), which is not relevant here, provides for the counting of any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the commencement of the instant offense.

5

prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." U.S. S.G. § 4A1.2(e)(2). Application Note Eight to this section then explains that "[a]s used in § 4A1.2(d)(2) and (e), the term 'commencement of the instant offense' includes any relevant conduct. *See* § 1B1.3 (Relevant Conduct)." U.S. S.G. § 4A1.2, cmt. n. 8.

Ignoring § 1B1.3 and its definition of relevant conduct, Susewitt argues that in order to show that the offense commenced when Susewitt sawed off the weapon in 1993, the government was required to establish that Susewitt continuously possessed the weapon from that time until the weapon was found in his residence in November 2002. Susewitt contends that this is so because "the offense of felon in possession of a firearm is a continuing offense."[2] (Def. Brief at 15). In support of this assertion, Susewitt cites only one case, *United States v. Barnes*, 910 F.2d 1342, 1344 (6th Cir. 1990), in which this Court considered whether police had reasonable suspicion to stop the defendant, who was suspected of being a felon in possession of a firearm. After discussing cases authorizing stops where the police had reasonable suspicion that a suspect was about to commit a crime or had been involved in a completed crime, this Court explained "[i]n our case, we have both a completed and an ongoing crime involved, since the offense of felon in possession is complete once the felon actually obtains possession of a firearm, but continues as long as it remains in his possession." *Id.*

Susewitt fails to offer any reasoning to connect those principles, articulated in an entirely different context from the circumstances of this case, to his contention that the government was

---

[2]Of course, Susewitt was not convicted of being a felon in possession, but of possession of a sawed-off shotgun.

required to prove continuous possession of the weapon. That failure is inevitable, as there is simply nothing in the Guidelines or in the case law that imposes such a requirement. Indeed, such a requirement would render wholly ineffective Application Note Eight to § 4A1.2(e), which, as explained above, instructs the sentencing judge to determine the date of commencement of the instant offense by reference to any "relevant conduct," as defined in § 1B1.3. U.S. S.G. § 4A1.2, cmt. n. 8. The Fourth Circuit has explained that Application Note Eight "reflects the fundamental principle of the Sentencing Guidelines that relevant conduct should be treated as an integral part of the offense of conviction." *United States v. Dixon*, 318 F.3d 585, 590 (4th Cir. 2003). Susewitt's argument would have us ignore the Guidelines' instruction to refer to relevant conduct in determining the date of the commencement of the offense, and is therefore untenable.

We turn, then, to what the Guidelines actually say about relevant conduct. Section 1B1.3(a)(1), in relevant part, defines "relevant conduct" as "all acts and omissions committed . . . by defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. §1B1.3(a)(1). The district court's determination that sawing off the shotgun was relevant conduct to the offense of possession of a sawed off shotgun is thus supported not only by common sense but also by the language of § 1B1.3 that relevant conduct includes acts committed by the defendant "in preparation for" the offense of conviction.

## CONCLUSION

For the reasons set forth above, we **VACATE** Susewitt's sentence and **REMAND** this case to the district court for resentencing.

7